UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY HOLMES,

    Petitioner,

v.

JAN TROMBLEY,

    Respondent.
_____/

Case No. 07-CV-11396

HON. AVERN COHN

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DENYING MOTION FOR BOND

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jeffrey Holmes (Petitioner) is a state inmate at the Straits Correctional Facility in Kincheloe, Michigan, where he is serving a sentence of life imprisonment for two counts of first-degree murder, Mich. Comp. Laws § 750.316. Petitioner has filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that Petitioner's claims are procedurally defaulted. Petitioner has also filed a motion for bond. For the reasons which follow, the petition will be denied and Petitioner's motion for bond will be denied.

### II. Procedural History

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

Petitioner was jointly with co-defendants Junious Hall and Michael T. Monford, but with separate juries.

Petitioner filed an appeal of right to the Michigan Court of Appeals, presenting the first three claims that he raises in the instant petition. The Michigan Court of Appeals affirmed petitioner's conviction. People v. Holmes, No. 244123 (Mich.Ct.App. February 3, 2004). Petitioner then filed a motion for reconsideration, which was rejected on March 10, 2004, as having been untimely filed. Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected on April 30, 2004, because it was filed more than fifty six days after the Michigan Court of Appeals had affirmed his conviction. See Letter From Corbin R. Davis, Clerk of the Michigan Supreme Court to Petitioner, dated April 30, 2004. [1]

Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, et. seq., in which he presented the remaining three claims that he raises in his current petition. The trial court denied the motion for relief from judgment, finding that Petitioner had "failed pursuant to M.C.R 6.508 to establish actual prejudice from the alleged irregularities, that but for the alleged error the defendant would have had a reasonably likely choice(sic) of acquittal." People v. Holmes, No. 00-003959-01 (Wayne County Circuit Court, July 13, 2005). The Michigan appellate courts denied petitioner leave to appeal, finding that Petitioner had failed to establish entitlement to relief under M.C.R. 6.508(D). People v. Holmes, No. 265819 (Mich.Ct.App. June 22, 2006); lv. den. 477 Mich. 922 (2006).

---

[1] Attached to Petitioner's Appendix A.

On March 30, 2007, Petitioner filed an application for writ of habeas corpus, seeking relief on the following grounds:

> I. The trial court erred when it failed to grant petitioner's motion for directed verdict of acquittal as to premeditated murder and felony murder.
>
> II. The trial court erred when it failed to grant petitioner's motion for directed verdict of acquittal on Count I; premeditated murder as mere presence is not proof of guilt.
>
> III. Petitioner's conviction for felony murder should be reversed as there was no showing at trial of the requisite intent.
>
> IV. Trial counsel provided ineffective assistance of counsel in his failure to file a motion to suppress petitioner's in-custody statements made to Officer Berry, thus denying petitioner effective assistance of counsel under the Sixth Amendment.
>
> V. The prosecution denied petitioner a fair trial in trying to shift the burden of proof in petitioner's statements, constituting prosecutorial misconduct.
>
> VI. Assigned appellate counsel provided ineffective assistance of counsel in his failure to present petitioner's issues on direct appeal.

### III. Facts

The material facts leading to Petitioner's conviction are recited verbatim from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. See Monroe v. Smith, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

> In this case, the victim employed defendants to renovate a house. On one occasion, he went to the home and they shot and beat him. They restrained him and made a recording of his voice in which he instructed his wife to pay them $150,000. Some or all of the defendants disposed of his body in a dumpster, which was emptied with Hall's other trash during trash pickup the following day. Each of the defendants made statements to the police, in which they admitted being present when the victim was first attacked, but providing conflicting accounts of their roles in the killing. Defendants Monford and Holmes also discussed the killing with other individuals.
>
> People v. Holmes, No. 244123, * 2 (Mich.Ct.App. February 3, 2004). Additional facts will be discussed when addressing Petitioner's individual

claims.

### IV. Analysis

#### A. Procedural Default

##### 1. General Rules

Respondent contends that all of Petitioner's claims are procedurally defaulted. Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. See Wainwright v. Sykes, 433 U.S. 72, 85-87 (1977). Procedural default precluding a state prisoner from seeking federal habeas relief may occur if the state prisoner files an untimely appeal, if he fails to present an issue to the state appellate court at his only opportunity to do so, or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review. See Matson v. Michigan Parole Bd., 175 F. Supp. 2d 925, 927 (E.D. Mich. 2001)(internal citations omitted). A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). In Murray v. Carrier, 477 U.S. 478, 488 (1986), the Supreme Court defined cause sufficient to excuse procedural default as "some objective factor external to the defense," which precludes a habeas petitioner's ability to pursue his claim in state court.

##### 2. Claims I, II, and III

Respondent contends that Petitioner's first, second, and third claims are

procedurally defaulted because Petitioner failed to properly exhaust the claims by filing a timely application for review of his conviction with the Michigan Supreme Court.

A habeas petitioner procedurally defaults a claim if he fails to raise it in an application for discretionary review with the state's highest court. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas review. See Harris v. Stegall, 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Under M.C.R. 7.302(C)(3), Petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. Petitioner's conviction was affirmed by the Michigan Court of Appeals on February 3, 2004. Petitioner therefore had until March 30, 2004 to timely file an application for leave to appeal with the Michigan Supreme Court. He did not. The Michigan Supreme Court therefore rejected Petitioner's delayed application for leave to appeal because his application was received by that court on April 30, 2004, beyond the fifty six day time period. Under these circumstances, Petitioner's first, second, and third claims are procedurally defaulted. Bell v. Smith, 114 F. Supp. 2d 633, 637 (E.D. Mich. 2000).

Petitioner, however, says that his first three claims are not procedurally defaulted because there was never any decision made by any justice on the Michigan Supreme Court to reject his untimely application for leave to appeal. Petitioner is correct that typically there can be no procedural default unless "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989). This rule, however, "does not apply to an implied procedural bar where the petitioner has not yet fairly presented

the claim to the highest state court but would be barred from presenting it upon return to state court." Costa v. Cook, No. 2006 WL 1737837, 11 (D. Hawai'I June 20, 2006). The Sixth Circuit has noted that:

> "[A habeas petitioner's] forfeiture by failure to exhaust entails a legal fiction, of sorts. The state court has not rejected an appeal based on a state rule violation; there is no declaration by the state court of an independent and adequate state ground to which the federal court must defer. Instead, the federal court makes a presumption that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it. But, by declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing. The federal court then views the claim through the lens of procedural default to determine whether there is cause and prejudice to excuse the default. In short, the crux of forfeiture by failure to exhaust is that the federal court's default decision rests upon a presumption about what the state court would do, rather than respect for what a state court actually did."

Abdur'Rahman v. Bell, 392 F.3d 174, 186-187 (6th Cir. 2004), vacated on other grounds, 545 U.S. 1151 (2005).

Here, as explained above, Petitioner's first three claims are procedurally defaulted because he failed to file a timely application for leave to appeal to the Michigan Supreme Court, there is no need for a state court to have rendered a judgment for this procedural bar to apply.

Petitioner also argues that any default should be excused because he mistakenly believed that his untimely filed motion for reconsideration with the Michigan Court of Appeals would toll the fifty six day period for filing his application for leave to appeal with the Michigan Supreme Court. [2] Petitioner's ignorance of the law and the procedural

---

[2] The Michigan Court of Appeals rejected petitioner's motion for reconsideration as being untimely because it was not filed within the twenty-one day time limit as required by M.C.R. 7.215(I)(1) for filing a motion for reconsideration.

6

requirements for filing a timely notice of appeal with the Michigan Supreme Court is insufficient to establish cause to excuse his procedural default in failing to file timely notice of appeal with that court. See Bonilla v. Hurley, 370 F. 3d 494, 498 (6th Cir. 2004). Overall, Petitioner's first, second and third claims are procedurally defaulted.

### 3. Claims IV, V, and VI

Respondent contends that Petitioner's fourth, fifth, and sixth claims are procedurally defaulted because he raised these claims for the first time in his post-conviction motion, and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. As used in 6.508, "actual prejudice" means that:

> (I) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;
>
> (ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;
>
> (iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case.

M.C.R. 6.508(D)(3)(b).

Here, the trial court denied Petitioner's motion, finding that Petitioner had "failed pursuant to M.C.R 6.508 to establish actual prejudice from the alleged irregularities, that

but for the alleged error the defendant would have had a reasonably likely choice(sic) of acquittal." The Michigan appellate courts denied petitioner leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Under the circumstances, the Michigan courts clearly invoked the provisions of M.C.R. 6.508(D)(3) to procedurally bar Petitioner's claims. See e.g. Howard v. Bouchard, 405 F. 3d 459, 477 (6th Cir. 2005). As such, these claims are also procedurally defaulted.

Petitioner, however, alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

Id. at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." Id. at 463 U.S. at 753 (citations omitted). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. 527,

536(1986)(quoting Barnes, 463 U.S. at 751-52).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome."  Monzo v. Edwards, 281 F. 3d 568, 579 (6th Cir. 2002).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his fourth and fifth claims.  Appellate counsel filed a seventeen page brief, in which he raised the three sufficiency of evidence claims that make up petitioner's first three claims.[3]  Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable.  Moreover, for the reasons stated by the Michigan Attorney General in its response to the petition for writ of habeas corpus, none of the claims raised by Petitioner in his post-conviction motion were "dead bang winners."  Because the defaulted claims are not "dead bang winners," Petitioner has failed to establish cause for his procedural default of failing to raise his remaining claims on direct review.  See McMeans v. Brigano, 228 F. 3d 674, 682-83 (6th Cir. 2000).

Finally, to the extent that Petitioner is raising his ineffective assistance of appellate counsel claim as an independent ground for relief, he is not entitled to the issuance of a writ of habeas corpus.  First, as mentioned above, Petitioner has failed to show that appellate counsel was deficient in failing to present the omitted claims on his appeal of right.  Second, Petitioner is unable to show that he was prejudiced by his appellate counsel's failure to raise these claims on his appeal of right, in light of the fact that these same claims were presented to the Michigan trial and appellate courts on

---

[3]  See Defendant-Appellant's Brief on Appeal [Part of Dkt. # 11-9].

petitioner's post-conviction motion for relief from judgment and rejected by them. See Hollin v. Sowders, 710 F. 2d 264, 265-67 (6th Cir. 1983). The state courts' rulings on Petitioner's motion for post-conviction relief granted petitioner an adequate substitute for direct appellate review and therefore his attorney's failure to raise his fourth and fifth claims on Petitioner's appeal of right did not cause him any injury.

### 4. Overall

All of Petitioner's claims are procedurally defaulted and Petitioner has failed to excuse his default. Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. Smith v. Murray, 477 U.S. at 533. Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. Schlup v. Delo, 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 624 (1998). Petitioner's sufficiency of evidence claims are insufficient to invoke the actual innocence exception to the procedural default doctrine. See Malcum v. Burt, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because Petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review his claims on the merits.

Finally, even assuming Petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. Terry v. Bock, 208 F. Supp. 2d

780, 793 (E.D. Mich. 2002). For the reasons stated by the Michigan Court of Appeals in its decision affirming Petitioner's conviction and by the trial court in denying Petitioner's post-conviction motion, Petitioner has failed to show that his claims have any merit. Petitioner's claims are thus barred by procedural default and do not warrant relief.

### B. Claims Raised in Petitioner's Reply Brief

Petitioner appears to raise several new claims in his reply brief that he did not raise in his initial petition and which do not appear to have been raised in the state courts. Petitioner claims that his right of confrontation was violated by the introduction of his co-defendants' statements at trial, that the prosecutor withheld potentially exculpatory evidence, and that trial and appellate counsel were ineffective for failing to investigate whether the U.S. Marshall's Office had helped co-defendant Hall get released from jail on bond based on petitioner's assurance that he would work with the federal authorities to do a controlled drug buy from Hall and the victim.

A traverse or reply to an answer to a petition for writ of habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. Burns v. Lafler, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004)(internal citations omitted). "[A] court cannot consider new issues raised in a traverse or reply to the State's answer." Id. Because these claims are being presented for the first time in Petitioner's reply brief, rather than in his habeas petition, the Court declines to address these claims, because they are not properly before it. See Tyler v. Mitchell, 416 F. 3d 500, 504 (6th Cir. 2005).

### C. Petitioner's Objections to the Late Filing of Rule 5 materials.

Petitioner objects to the late filing of the supplemental Rule 5 materials by Respondent. This objection is not well taken. Although the Court does not condone

late filings, Respondent was granted extensions of time to produce the Rule 5 materials because it demonstrated the need for an extension of time to obtain the additional Rule 5 materials from the Wayne County Circuit Court. Thus, the Court properly considered the Rule 5 materials in conjunction with the petition.

### D. Petitioner's Motion for Bond

Petitioner has also filed a motion to be released on bond. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993)(quoting Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990)). In light of the fact that the Court has denied the petition, it follows that Petitioner is not entitled to release on bond.

### V. Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and the matter is **DISMISSED**. Petitioner's motion for bond is **DENIED**.

**SO ORDERED.**

Dated: May 1, 2009

    s/ Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Jeffrey Holmes, 411941, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 and the attorneys of record on this date, May 1, 2009, by electronic and/or ordinary mail.

    s/ Julie Owens
    Case Manager, (313) 234-5160